**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OI INFUSION SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00910-MTS |
| | ) | |
| KIRKSVILLE SPECIALTY CLINIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Pending before the Court is Plaintiff OI Infusion Services, LLC's Motion to Limit Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1, Doc. [4].  For the reasons that follow, the Court will deny the Motion and require Plaintiff to file an amended complaint.

Plaintiff OI Infusion Services, LLC, brings this breach-of-contract action seeking to invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a).  Doc. [1] at 2.  Such "diversity jurisdiction" is proper where there is "complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  That is, no plaintiff can have citizenship in the same state where a defendant has citizenship.  *See id.* (citing *Owen Equip. & Erection Co. Kroger*, 437 U.S. 365, 373 (1978)).  When, as here, a party to a lawsuit is a limited liability company ("LLC"), its citizenship is equivalent to that of all its members.  *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *see also Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023).  And, when this Court undertakes its "independent obligation to determine whether [diversity] jurisdiction exists," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010),  "the Court not only needs to know the citizenship of each member of the LLC, but also the citizenship of any sub-member," *Hill v. Lowe's Home Ctrs., LLC*,

1:21-cv-00185-SRC, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (citing *Clark v. SL W. Lounge, LLC*, 4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019)) (explaining that the Court must know "the citizenship of *all* persons and entities within the ownership structure"). This is because an LLC's various members and sub-members may ultimately have the same citizenship as an opposing party and, thus, destroy the complete diversity that § 1332(a) requires. *See Am. Seeds, LLC v. Dalchow*, 0:12-cv-02951-JNE-LIB, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). As ever, "[t]he burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021).

To satisfy its burden, Plaintiff has identified a total of fifty-one members and twenty-six sub-members of its LLC. *See* Doc. [3]. So far, none of them share Missouri citizenship with Defendant Kirksville Specialty Clinic, LLC. *Compare* Doc. [3], *with* Doc. [22]. But, in its Motion, Plaintiff admits that "it is unable to disclose the names and citizenship of all sub-members[,]" and it asserts that disclosing all of them "imposes a significant burden" and "implicates substantial privacy interests." Doc. [4] at 1. Plaintiff asks this Court to limit the disclosure as it may do so "in appropriate circumstances," such as "when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure [and test jurisdictional facts]." Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment.

First, regarding privacy interests, the Court agrees that it would have the power to permit Plaintiff to file its Disclosure Statement under seal "[u]pon a showing of good cause." E.D. Mo. L.R. 13.05(A). But because court filings are "presumptively public," *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023), Plaintiff would need to present "sufficiently particularized concerns" that "outweigh the public interest in open and accessible judicial records," *Intrua*

*Financial Holdings, LLC*, 4:23-cv-1187-RLW, 2023 WL 7497650 at *1 (E.D. Mo. Nov. 13, 2023) (collecting cases), and Plaintiff has not done so. Second, the significant burden at issue is nothing more than what this Court's subject-matter jurisdiction requires. "Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Here, the Court can "be assured of its own jurisdiction" only if Plaintiff identifies each of its LLC's members and sub-members such that complete diversity is apparent. *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *see also Fountain Plaza Fin., LLC v. Centrue Bank*, 4:14-cv-01388-AGF, 2014 WL 5420793 at *2–3 (E.D. Mo. Oct. 22, 2014).

If Plaintiff can establish this Court's subject matter jurisdiction, it must file an amended complaint to address the jurisdictional defect the Court has identified herein. *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction). That amended complaint must include a statement establishing the grounds for this Court's jurisdiction, Fed. R. Civ. P. 8(a)(1), that, at the very least, incorporates by reference an updated disclosure statement identifying the citizenship of *all* of Plaintiff's members and sub-members, Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").[*] Failure to do so will result in the dismissal of this action without prejudice.

---

[*] The Court notes that Plaintiff's Complaint currently states "[a]ll members of OI Infusion are citizens of New Hampshire." Doc. [1]. Given the members and their respective citizenships listed in Plaintiff's Disclosure Statement, the statement in the Complaint does not appear accurate. *See* Doc. [3-1].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Limit Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1, Doc. [4], is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than **Friday, October 18, 2024**, Plaintiff must file an amended complaint that establishes this Court's subject matter jurisdiction. Failure to do so will result in dismissal of this action without prejudice.

Dated this 9th day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE